**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jordan L Morris, | No. CV-22-00370-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | |
| Pacific Dental Services LLC, et al., | |
| Defendants. | |

Plaintiff Jordan Morris brings this action against his former employers, PDS Arizona Regional Dental Services, LLC and Pacific Dental Services, LLC, asserting claims under the Americans with Disabilities Act and the Arizona Fair Wages and Healthy Families Act. (Doc. 1 ¶¶ 74–102.) Pending before the Court is Defendants' Motion to Dismiss and Compel Arbitration. (Doc. 18.) Defendants assert that all of Morris' claims arise out of his employment and are subject to an arbitration agreement under the Federal Arbitration Act (FAA). (*Id.* at 2–3; *see* Doc. 18-1 at 15–16.) They seek dismissal of the Complaint and an order compelling Morris to submit his claims to binding arbitration. (Doc. 18 at 1.) Morris argues that the FAA does not apply and that the arbitration agreement is void and unenforceable. (Doc. 19.) The motion is fully briefed. (Docs. 18, 19, 20.)

At issue here is whether the Arizona Arbitration Act governs any of Morris's claims or whether the FAA governs them all. (*See* Docs. 19 at 6; 20 at 2.) Provided no exclusions or defenses apply, the FAA preempts substantive state law if the instant economic activity falls within Congress's authority under the Commerce Clause. *See Southland Corp. v.*

*Keating*, 465 U.S. 1, 11 (1984). Indeed, the FAA generally applies to arbitration agreements arising from any "contract evidencing a transaction ***involving commerce***." 9 U.S.C. § 2 (emphasis added); *see also Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003) (the term "involving commerce" is a functional equivalent of the more familiar term of art "affecting commerce"). The parties dispute whether Morris's employment affects interstate commerce. Defendants argue the relevant agreements affect commerce because they involve parties in multiple states and provide for an out-of-state arbitration. (Doc. 20 at 3.) Morris contends his work for Defendants does not affect interstate commerce because his employment agreement restricts his employment to Arizona where he holds an Arizona Dental License. (Doc. 19 at 7.) The parties' briefing does not provide the Court with sufficient basis to rule on this issue. The Court will thus direct the parties to file supplemental briefs and evidence addressing whether "in the aggregate," Morris's employment "would represent 'a general practice . . . subject to federal control.'" *See Citizens Bank*, 539 U.S. at 57.

Accordingly,

**IT IS HEREBY ORDERED:**

1. Defendants must file, consistent with this Order, a supplemental brief no greater than 5 pages in length, supported by affidavits or other evidence, on or before **July 17, 2023**.

2. Morris must file, consistent with this Order, a supplemental brief no greater than 5 pages in length, supported by affidavits or other evidence, on or before **July 24, 2023**.

Dated this 5th day of July, 2023.

_____
Honorable Jennifer G. Zipps
United States District Judge